UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
TRICIA WEBB,                       )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 24-21 WES
                                   )
PROVIDENCE SCHOOL                  )
DEPARTMENT, et al.,                )
                                   )
        Defendants.                )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Senior District Judge.

Before the Court is Defendant Providence School Department's Motion to Dismiss, ECF No. 25. For the reasons below, the Court GRANTS the Motion.

I.  **BACKGROUND**

This is an employment discrimination case in which a former teacher has filed a pro se complaint against the school district that employed her and three other defendants. The Plaintiff is Tricia Webb, and the Defendants are the Providence School Department ("PPSD"), Rhode Island Department of Education, Providence Teachers Union, and Dreamland Learning Center. Am. Compl. 1, ECF No. 15.

The following recitation of the facts draws from Webb's original Complaint, ECF No. 1, in addition to her Amended

Complaint, the latter of which does not incorporate the former by reference and lacks the same factual detail. The Court recognizes that "[a]n amended complaint, once filed, normally supersedes the antecedent complaint," which thereafter "is a dead letter and 'no longer performs any function in the case.'" Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (first citing InterGen N.V. v. Grina, 344 F.3d 134, 145 (1st Cir. 2003); then citing 13A Charles Alan Wright et al., Federal Practice and Procedure § 1476, at 556-57 (2d ed. 1984); and then quoting Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003)). Nevertheless, the Court refers to the original Complaint for a basic sense of the facts at issue, if not also because Webb, as a pro se litigant, deserves an "extra degree of solicitude" with respect to her pleadings. Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991) (citing Estelle v. Gamble, 429 U.S. 97, 99 (1976)). The Court will not, however, address the legal claims that Webb brought in her original Complaint but not in her Amended Complaint. Rather, the Court treats those claims as superseded and refers to the original Complaint only to provide context to the factual allegations in the Amended Complaint. See Collymore v. McLaughlin, No. 16-cv-10568, 2016 WL 6645764, at *1 n.1 (D. Mass. Nov. 8,

2016).¹

    Webb resigned from her teaching position in the PPSD at an unspecified date.  See Compl. 5.  She alleges that, beginning in the 2015-2016 academic year, the PPSD "targeted [her] based on discriminatory reasons and used a state evaluation program for educators and a Program known as the Peer Evaluation and Assessment Program to injure" her.  Am. Compl. 2.  She further alleges wage theft; the denial of equal pay from 2017 to 2019; disproportionate scheduling that amounted to "[s]exual harassment and retaliation"; the continued fraudulent withholding of her records; and various "mean and hurtful behaviors," including "insulting comments" and threats that her absences would lead to disciplinary action.  Id. For these injuries, she brings claims under the Equal Pay Act of 1963; the Computer Fraud and Abuse Act ("CFAA"); Sections 241, 242, and 245 of Title 18, U.S. Code; Title VII of the Civil Rights Act of 1964; the Privacy Act of 1974; "Rhode Island Fair Labor Standards"; the Rhode Island Payment of Wages Act; and — the Court assumes Webb to mean — the Rhode Island Fair Employment Practices Act.²  See id. at 1.  (In her original complaint, Webb also alleged

---

    ¹ To be clear, even if the factual allegations in the original complaint were incorporated and accepted as true, they would have no effect on the outcome.

    ² The Court construes the Amended Complaint's invocation of "Rhode Island Fair Labor Standards" and the "Fair Representation

3

violations of the Americans with Disabilities Act, among other claims. Compl. 3.)

The PPSD moves to dismiss Webb's claims under Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss 1, ECF No. 25. According to the PPSD, most of Webb's claims are time barred under their respective statutes of limitations. Mem. L. Supp. Mot. Dismiss 10-16, ECF No. 25-1. That includes Webb's Title VII claim, id. at 11-12, which, the PPSD contends, is invalid for the added reason that Webb did not exhaust her administrative remedies with respect to that claim. Id. at 8-10. Regarding Webb's claims under 18 U.S.C. §§ 241, 242, and 245, the PPSD argues that Webb may neither initiate a federal prosecution nor assert a private right of action under those sections. Id. at 17. Finally, the PPSD states that Webb lacks standing to bring a claim against the PPSD – or any other defendant that is not the United States – under the Privacy Act of 1974. Id. at 18-19. Webb did not respond to the PPSD's Motion.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

---

Act" as an attempt to assert claims under the state's employment discrimination law.

544, 547 (2007).  "Plausible," in this context, "means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels [the Court] 'to draw on' [its] 'judicial experience and common sense.'"  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).  To assess a claim's plausibility, the Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  Id.  Next, the Court must "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief."  Id.

### III. DISCUSSION

"The mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim."  Pomerleau v. W. Springfield Pub. Schs., 362 F.3d 143, 145 (1st Cir. 2004) (quoting Vega-Encarnación v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003)).  "This obligation," in turn, "means that a court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default."  Id.  Accordingly, the

Court reviews the PPSD's Motion to Dismiss on the merits.

The PPSD asks the Court to consider four documents that Webb refers or alludes to in her original Complaint.  <u>See</u> Mem. L. Supp. Mot. Dismiss 5-8.  The Court does not find that necessary, however, because Webb's Amended Complaint does not mention the documents and the Court can rule on the Motion without considering them.

**A. Time-Barred Claims**

To begin, the Court finds that Webb does not state a plausible claim to relief under the Equal Pay Act or Title VII of the Civil Rights Act of 1964 because the applicable statute of limitations for each claim has passed.  "When a defendant raises a statute of limitations defense in a 12(b)(6) motion, dismissal 'is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred.'" <u>Merritt v. Tiernan</u>, 732 F. Supp. 3d 180, 183 (D.R.I. 2024) (quoting <u>LaChapelle v. Berkshire Life Ins.</u>, 142 F.3d 507, 509 (1st Cir. 1998)).  At least with respect to Webb's Equal Pay Act and Title VII claims, the Court finds that her pleadings leave no doubt that those claims have expired.

Based on the Court's reading of Webb's Amended Complaint, the incidents that gave rise to Webb's Equal Pay Act and Title VII claims all occurred between 2015 and 2019.  <u>See</u> Am. Compl. 2.  Webb filed her original Complaint in January 2024 and her Amended Complaint that March.  Compl. 1; Am. Compl. 1.  In other words, at

6

least four years passed between the acts alleged in her pleadings and her filing of those pleadings. This timeframe exceeds the limitations period that applies to claims under the Equal Pay Act. "In Equal Pay Act cases, [a] court's jurisdiction is limited to suits 'commenced within two years after the cause of action accrued,'" unless the alleged violation was willful, in which case the limitations period extends to three years. Metzinger v. United States, 173 Fed. Cl. 636, 635 (Fed. Cl. 2024) (quoting 29 U.S.C. § 255(a)). Therefore, even if Webb asserts a willful violation of the Equal Pay Act, her claim is time barred under the applicable statute of limitations.

Webb's Title VII claim is similarly time barred. A plaintiff may not initiate a Title VII lawsuit in court without first filing a charge with the Equal Employment Opportunity Commission ("EEOC"). Fort Bend County v. Davis, 587 U.S. 541, 543-44 (2019); see also 42 U.S.C. § 2000e-5(e)(1), (f)(1). At most, and depending on the circumstances, a plaintiff has 300 days to file a charge with the EEOC after an alleged Title VII violation occurs. Ayala v. Shinseki, 780 F.3d 52, 55 n.6 (1st Cir. 2015). From there — and again, depending on the circumstances — a plaintiff has no more than 270 days to file their Title VII lawsuit. 42 U.S.C. § 2000e-5(f)(1). Altogether, the maximum amount of time that may elapse between an alleged Title VII violation and the filing of a

Title VII lawsuit is 570 days, which is less than two years.

In her original Complaint, Webb indicated that although she filed a charge with the EEOC and received a right-to-sue letter, she chose to keep working in the PPSD, but "the events continued." Compl. 5. She does not indicate in either of her pleadings when she filed the EEOC charge. Nevertheless, because her Title VII claim arises from events that occurred between 2015 and 2019, and because she did not file that claim in court until 2024, more than four years later, the Court finds that her Title VII claim is time barred.

**B. Federal Criminal-Law Claims**

Webb's Amended Complaint invokes three statutes that make it a federal crime to interfere with another person's civil rights. Am. Compl. 1 (citing 18 U.S.C. §§ 241, 242, 245). In contrast to some other federal criminal statutes — such as the CFAA, discussed below — §§ 241, 242, and 245 do not provide a civil cause of action for damages. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); Kelly v. Rockefeller, 69 Fed. App'x 414, 415-16 (10th Cir. 2003). Moreover, "a private citizen [generally] has no authority to initiate a federal prosecution"; rather, "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242" and 245. Cok, 876 F.2d at 2 (citations omitted). Accordingly, as to her invocation of §§ 241, 242, and 245, Webb does not state a

claim upon which relief may be granted.

### C. Other Federal Claims

Webb also brings claims under the Privacy Act and the CFAA. Am. Compl. 1. The PPSD argues that Webb fails to state a claim under the Privacy Act because that statute does not provide a civil cause of action against non-federal entities such as Defendants here. Mem. L. Supp. Mot. Dismiss 18. Indeed, the Privacy Act does not apply to state or local entities at all. Pérez-Santos v. Malavé, 23 Fed. App'x 11, 12 (1st Cir. 2001); see also 5 U.S.C. § 552(a)(1), (e). The Court therefore finds that Webb does not state a claim under the Privacy Act.

As for Webb's CFAA claim, the PPSD contends that, like her claims under the Equal Pay Act and Title VII, that too is untimely. Mem. L. Supp. Mot. Dismiss 14-15. But because Webb's pleadings leave some doubt as to the timeliness of her CFAA claim, the Court does not dismiss that claim on the PPSD's asserted ground. Nevertheless, the Court finds that Webb does not state a plausible claim to relief under the CFAA.

The CFAA prohibits certain computer-related conduct – for example, using a computer to obtain personal financial records without authorization — and provides a civil cause of action for someone who suffers damage or loss resulting from such conduct. 18 U.S.C. § 1030(a)(2)(A), (g). The action must be brought "within

[two] years of the date of the act complained of or the date of the discovery of the damage." Id. § 1030(g).

Webb's CFFA claim appears to hinge on her contention that the PPSD falsified her teaching records and is withholding them from her. See Compl. 5; Am. Compl. 3 ("Through the use of fraudulent practices, the plaintiff was misinformed and continues to be denied access to her records."). Because Webb's allegations related to this claim are sparse, the Court is unable to ascertain from the face of the pleadings whether Webb's CFFA claim is untimely.

For this same reason, however, the Court is equally unable to divine a colorable claim under the CFAA. The Court assumes that Webb intends to plead a violation of § 1030(a)(4), which would require her to show that the PPSD knowingly, and with intent to defraud, accessed a "protected computer" — either without or in excess of its authorization to do so — and furthered the intended fraud. 18 U.S.C. § 1030(a)(4); see also United States v. Nosal, 676 F.3d 854, 858 n.4 (9th Cir. 2012). It is safe to presume the PPSD maintains its personnel records on a computer. But beyond that, and even accepting her allegations as true, Webb does not show that the PPSD lacked authorization to access or update the records it kept on her. Nor does she specify which records were accessed or how they were falsified. Moreover, it is not clear whether these records are housed within a "protected computer," as

defined in the statute. See 18 U.S.C. § 1030(e)(2). Webb thus fails to state a claim for a violation of § 1030(a)(4). Because § 1030(a)(4) provides a closer fit to Webb's allegations than any other provision of the CFAA, her claim under that statute must be dismissed.

### D. State-Law Claims

Webb also brings claims under the Rhode Island Payment of Wages Act, "Rhode Island Fair Labor Standards," and the "Fair Representation Act." Am. Compl. 1. As stated above, the Court construes the latter two claims as an attempt to assert a cause of action under the Rhode Island Fair Employment Practices Act. Because Webb's federal claims have all been dismissed, and because there is no diversity jurisdiction under 28 U.S.C. § 1332(a), the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. See Cannarozzi v. Fiumara, 371 F.3d 1, 7 (1st Cir. 2004); 28 U.S.C. § 1367(c).

If, in the alternative, Webb intends to bring a claim under the federal Fair Labor Standards Act, the Court finds that her claim is time barred under the Act's statute of limitations. See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988) (explaining that a limitations period of either two or three years applies to claims under the Fair Labor Standards Act).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss, ECF No. 25, as to all Defendants.

IT IS SO ORDERED.

*/s/ WESmith*
William E. Smith
Senior District Judge
Date: March 13, 2025